Vanessa R. Waldref
United States Attorney
Eastern District of Washington
Richard R. Barker
Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

OCT 1 2 2021

SEAN F. McAVOY, CLERK
_____DEPUTY
SPOKANE, WASHINGTON

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JAMES H. GALLAHER,

    Defendant.

Case No. 2:21-CR-88-SMJ

Plea Agreement

Plaintiff, United States of America, by and through Vanessa R. Waldref, United States Attorney for the Eastern District of Washington, and Richard R. Barker, Assistant United States Attorney for the Eastern District of Washington, and Defendant JAMES H. GALLAHER and Defendant's counsel, Amy Rubin, agree to the following Plea Agreement:

    1) <u>Guilty Plea and Maximum Statutory Penalties</u>:

    Defendant, JAMES H. GALLAHER (hereinafter Defendant), by and through this Plea Agreement agrees to plead guilty to Indictment dated July 7, 2021, charging Defendant Felon in Possession of a Firearm in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). Defendant understands that this is a Class C Felony, carrying a maximum penalty of not more than a 10-year term of

*United States v. James H. Gallaher* - 1

imprisonment; a fine not to exceed $250,000; not more than a 3-year term of supervised release; restitution; and a $100 special penalty assessment.

Defendant understands that a violation of a condition of supervised release carries an additional penalty of re-imprisonment for all or part of the term of supervised release without credit for time previously served on post-release supervision.

2) <u>The Court is Not a Party to the Agreement</u>:

The Court is not a party to this Plea Agreement and may accept or reject this Plea Agreement. Sentencing is a matter that is solely within the discretion of the Court. Defendant understands that the Court is under no obligation to accept any recommendations made by the United States and/or by Defendant; that the Court will obtain an independent report and sentencing recommendation from the U.S. Probation Office; and that the Court may, in its discretion, impose any sentence it deems appropriate up to the statutory maximums stated in this Plea Agreement. Defendant acknowledges that no promises of any type have been made to Defendant with respect to the sentence the Court will impose in this matter. Defendant understands that the Court is required to consider the applicable sentencing guideline range, but may depart upward or downward under the appropriate circumstances.

Defendant also understands that should the sentencing judge decide not to accept any of the parties' recommendations, that decision is not a basis for withdrawing from this Plea Agreement or a basis for withdrawing this plea of guilty.

3)    <u>Waiver of Constitutional Rights</u>:

Defendant understands that by entering this plea of guilty Defendant is knowingly and voluntarily waiving certain constitutional rights, including:

a) The right to a jury trial;

b) The right to see, hear and question the witnesses;

c) The right to remain silent at trial;

d) The right to testify at trial; and

e) The right to compel witnesses to testify.

While Defendant is waiving certain constitutional rights, Defendant understands that Defendant retains the right to be assisted through the sentencing and any direct appeal of the conviction and sentence by an attorney, who will be appointed at no cost if Defendant cannot afford to hire an attorney. Defendant also acknowledges that any pretrial motions currently pending before the Court are waived.

4) Elements of the Offense

The United States and Defendant stipulate and agree that in order to convict Defendant of Felon in Possession of a Firearm in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), the United States would have to prove beyond a reasonable doubt the following elements:

a) *First*, on or about June 29, 2021, in the Eastern District of Washington, Defendant knowingly possessed the following firearms:

- a Ruger, model Single Six, .22LR caliber revolver, bearing serial number 368026;

- a Smith & Wesson, model M&P 15-22, .22LR caliber rifle, bearing serial number DWP8467;

- a Winchester, model 70, .264 Winchester Magnum caliber rifle, bearing serial number 721650; and

- a Remington Model 700, 7mm STW caliber rifle, bearing serial number S6441319

b) *Second*, the firearms were transported in interstate commerce; and

    c)    *Third*, at the time Defendant possessed the firearms, he had been previously convicted of a crime punishable by imprisonment for a term exceeding one year; and

    d)    *Fourth*, at the time Defendant possessed the firearms, he knew he had been convicted of a crime punishable by imprisonment for a term exceeding one year, which prohibited him from possessing firearms.

5) <u>Factual Basis and Statement of Facts:</u>

The United States and Defendant stipulate and agree that the following facts are accurate; that the United States could prove these facts beyond a reasonable doubt at trial; and these facts constitute an adequate factual basis for Defendant's guilty plea. This statement of facts does not preclude either party from presenting and arguing, for sentencing purposes, additional facts that are relevant to the guideline computation or sentencing:

On June 28, 2021, Colville Tribal Police received information from Security personnel at Chief Joseph Dam about a possible weapons offense at the Dam. Tribal police learned that Defendant JAMES GALLAHER was at the Dam's lower spillway parking area in a camper. Security personnel further explained that GALLAHER was observed moving a pistol and AR style rifle from the camper to a white Honda. Surveillance video from the Dam further showed GALLAHER carrying what appeared to be a pistol and an AR style rifle.

The next day, Tribal Police traveled to Chief Joseph Dam and observed the firearms inside a white Honda sedan. Tribal Police then approached the front door of the camper, which was open. GALLAHER was inside along with two other people. Ultimately, Tribal Police procured search warrants for the camper and the Honda sedan. During the execution of the search warrants, ATF and Tribal Police recovered, among other things, the following firearms:

- a Ruger, model Single Six, .22LR caliber revolver, bearing serial number 368026;

- a Smith & Wesson, model M&P 15-22, .22LR caliber rifle, bearing serial number DWP8467;

- a Winchester, model 70, .264 Winchester Magnum caliber rifle, bearing serial number 721650; and

- a Remington Model 700, 7mm STW caliber rifle, bearing serial number S6441319

The revolver and the .22LR caliber rifle were consistent with the firearms that GALLAHER was seen carrying on surveillance video the day before. Each of the firearms referenced above was transported in interstate commerce. At the time GALLAHER possessed these guns, he knew he had a prior conviction for which the maximum penalty was greater than one year.

6) <u>The United States Agrees</u>:

The United States Attorney's Office for the Eastern District of Washington agrees not to bring any additional charges against Defendant based upon information in its possession at the time of this Plea Agreement and arising out of Defendant's conduct involving illegal activity charged in the Indictment, unless Defendant breaches this Plea Agreement any time before or after sentencing.

7) <u>United States Sentencing Guideline Calculations</u>:

Defendant understands and acknowledges that the United States Sentencing Guidelines (hereinafter "USSG") are applicable to this case and that the Court will determine Defendant's applicable sentencing guideline range at the time of sentencing.

    a. *Base Offense Level*

The United States and Defendant agree that the base offense level for felon in possession of a firearm is 20. *See* USSG §2K2.1(a)(4).

b. *Specific Offense Characteristics:*

The parties agree that Defendant possessed four firearms, increasing the offense level by 2 levels. *See* USSG §2K2.1(b)(1)(A).

c. *Acceptance of Responsibility:*

If Defendant pleads guilty and demonstrates a recognition and an affirmative acceptance of personal responsibility for the criminal conduct; provides complete and accurate information during the sentencing process; does not commit any obstructive conduct; accepts this Plea Agreement; and enters a plea of guilty prior to the pretrial conference, the United States will recommend that Defendant receive a three (3) level downward adjustment for acceptance of responsibility, pursuant to USSG §3E1.1(a).

Defendant and the United States agree that the United States may at its option and upon written notice to Defendant, not recommend a three (3) level downward reduction for acceptance of responsibility if, prior to the imposition of sentence, the Defendant is charged or convicted of any criminal offense whatsoever or if Defendant tests positive for any controlled substance.

d. *Criminal History*

The United States and Defendant understand that Defendant's criminal history computation is tentative and that ultimately Defendant's criminal history category will be determined by the Court after review of the Presentence Investigative Report. The United States and Defendant have made no agreement and make no representations as to the criminal history category, which shall be determined after the Presentence Investigation Report is completed.

8) <u>Departures</u>

Defendant is free to seek downward departures or variances from the applicable sentencing guideline range determined by the Court. The United States

agrees not to move for any upward departures or variances from the applicable sentencing guideline range. Both parties are free to argue for or against any additional guideline adjustments not addressed in this plea agreement, but found to apply in the Presentence Investigation Report.

9) <u>Incarceration</u>:

The United States agrees to recommend that the Court impose a sentence within the applicable sentencing guideline range as determined in the Presentence Investigation Report. Defendant is free to recommend any legal sentence.

10) <u>Criminal Fine</u>:

The parties agree to recommend the Court impose no criminal fine.

11) <u>Supervised Release</u>

The United States and Defendant agree that the Court impose a three-year term of supervised release to include any special conditions as determined by probation:

12) <u>Forfeiture</u>

The Defendant agrees to voluntarily forfeit any and all right, title, and interest he has in any and all firearms and ammunition seized by the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), in favor of ATF. The assets to be administratively forfeited include, but are not limited to, the following:

- a Ruger, model Single Six, .22LR caliber revolver, bearing serial number 368026;

- a Smith & Wesson, model M&P 15-22, .22LR caliber rifle, bearing serial number DWP8467;

- a Winchester, model 70, .264 Winchester Magnum caliber rifle, bearing serial number 721650;

- a Remington Model 700, 7mm STW caliber rifle, bearing serial number S6441319; and,

- any and all rounds of ammunition and accessories.

Defendant agrees not to contest the forfeiture of assets seized from him on or about June 29, 2021, in any administrative forfeiture proceedings initiated by ATF, and hereby agrees to execute any and all forms, documents, and pleadings, if necessary, to effectuate the administrative forfeiture of any assets in ATF custody. Defendant consents to the forfeiture, destruction, and/or return of assets to lawful owners, without further notice.

Defendant agrees to hold all law enforcement agents and the United States, its agents, and its employees harmless from any claims whatsoever arising in connection with the seizure, forfeiture, destruction or return to lawful owner, of any asset(s) covered by this agreement.

13) <u>Mandatory Special Penalty Assessment</u>:

Defendant agrees to pay the $100 in mandatory special penalty assessments to the Clerk of Court for the Eastern District of Washington pursuant to 18 U.S.C. § 3013..

14) <u>Payments While Incarcerated</u>:

If Defendant lacks the financial resources to pay the monetary obligations imposed by the Court, Defendant agrees to earn the money to pay toward these obligations by participating in the Bureau of Prisons' Inmate Financial Responsibility Program.

15) <u>Additional Violations of Law Can Void Plea Agreement</u>:

Defendant and the United States agree that the United States may at its option and upon written notice to Defendant, withdraw from this Plea Agreement or modify its recommendation for sentence if, prior to the imposition of sentence, Defendant is charged or convicted of any criminal offense whatsoever or if Defendant tests positive for any controlled substance.

16) <u>Appeal Rights</u>:

Defendant understands that he has a limited right to appeal or challenge the conviction and sentence imposed by the Court. Defendant hereby expressly waives his right to appeal his conviction and the sentence the Court imposes, except any period of incarceration exceeding 71 months. Defendant further expressly waives his right to file any post-conviction motion attacking his conviction and sentence, including a motion pursuant to 28 U.S.C. § 2255, except one based upon ineffective assistance of counsel based on information not now known by Defendant and which, in the exercise of due diligence, could not be known by Defendant by the time the Court imposes the sentence.

17) <u>Integration Clause</u>:

The United States and Defendant acknowledge that this document constitutes the entire Plea Agreement between the United States and Defendant, and no other promises, agreements, or conditions exist between the United States and Defendant concerning the resolution of the case. This Plea Agreement is binding only upon the United States Attorney's Office for the Eastern District of Washington, and cannot bind other federal, state or local authorities. The United States and Defendant agree that this agreement cannot be modified except in a writing that is signed by the United States and Defendant.

<u>Approvals and Signatures</u>

Agreed and submitted on behalf of the United States Attorney's Office for the Eastern District of Washington.

Vanessa R. Waldref
United States Attorney

_____    10/12/21
Richard R. Barker                       Date

*United States v. James H. Gallaher* - 9

Assistant United States Attorney

I have read this Plea Agreement and have carefully reviewed and discussed every part of the agreement with my attorney. I understand and voluntarily enter into this Plea Agreement. Furthermore, I have consulted with my attorney about my rights, I understand those rights, and I am satisfied with the representation of my attorney in this case. No other promises or inducements have been made to me, other than those contained in this Plea Agreement and no one has threatened or forced me in any way to enter into this Plea Agreement. I am agreeing to plead guilty because I am guilty.

_____    10/12/21
JAMES H. GALLAHER                                Date
Defendant

I have read the Plea Agreement and have discussed the contents of the agreement with my client. The Plea Agreement accurately and completely sets forth the entirety of the agreement between the parties. I concur in my client's decision to plead guilty as set forth in the Plea Agreement. There is no legal reason why the Court should not accept Defendant's plea of guilty.

_____    10/12/21
Amy Rubin                                              Date
Attorney for Defendant

Dated: October 12, 2021.

Vanessa R. Waldref
United States Attorney

*s/ Richard R. Barker*
Richard R. Barker
Assistant United States Attorney

*United States v. James H. Gallaher* - 10