Vanessa R. Waldref
United States Attorney
Eastern District of Washington
Richard R. Barker
Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| UNITED STATES OF AMERICA, | No. 2:21CR00088-SMJ-1 |
|---|---|
| Plaintiff, | UNITED STATES' SENTENCING MEMORANDUM |
| v. | |
| JAMES H. GALLAHER, | |
| Defendant. | |

Plaintiff, the United States of America, by and through the United States Attorney for the Eastern District of Washington, Vanessa R. Waldref, and Assistant United States Attorney Richard R. Barker, respectfully submits the following sentencing memorandum. For the reasons stated below, the United States respectfully asks the Court to sentence the Defendant, James H. Gallaher, to a guidelines sentence of forty-one months' imprisonment followed by three years' supervised release.

## II.   STATEMENT OF FACTS[1]

On June 28, 2021, Colville Tribal Police received information from Security personnel at Chief Joseph Dam about a possible weapons offense at the Dam. Tribal

---

[1] The statement of facts is drawn from the Parties' plea agreement (*see* ECF No. 33 § 5) and the Final PSIR (*see* ECF Nos. 43, ¶¶ 9-20).

UNITED STATES' SENTENCING MEMORANDUM– 1

police learned that Defendant James Gallaher was at the Dam's lower spillway parking area in a camper. Security personnel further explained that Gallaher was observed moving a pistol and AR style rifle from the camper to a white Honda. Surveillance video from the Dam further showed Gallaher carrying what appeared to be a pistol and an AR style rifle.

The next day, Tribal Police traveled to Chief Joseph Dam and observed the firearms inside a white Honda sedan in plain view. Tribal Police then approached the front door of the camper, which was open. Gallaher was inside along with two other people. Ultimately, Tribal Police procured search warrants for the camper and the Honda sedan. During the execution of the search warrants, ATF and Tribal Police recovered, among other things, the following firearms:

- a Ruger, model Single Six, .22LR caliber revolver, bearing serial number 368026;

- a Smith & Wesson, model M&P 15-22, .22LR caliber rifle, bearing serial number DWP8467;

- a Winchester, model 70, .264 Winchester Magnum caliber rifle, bearing serial number 721650; and

- a Remington Model 700, 7mm STW caliber rifle, bearing serial number S6441319

The revolver and the .22LR caliber rifle were consistent with the firearms that Gallaher was seen carrying on surveillance video the day before. As discussed in greater detail below, at the time Gallaher possessed these guns, he knew he had a number of prior convictions for which the maximum penalty was greater than one year.

On October 12, 2021, Gallaher entered a guilty plea to the charges of Felon in Possession of a Firearm. While Gallaher initially was prepared to enter into a plea

UNITED STATES' SENTENCING MEMORANDUM– 2

without an agreement, the parties finalized a plea agreement that same day, and Gallaher entered into his plea.

### III.   SENTENCING CALCULATIONS

Based on a total offense level of 19, a criminal history score of 3, and a criminal history category of II, the government agrees with the United States Probation Office that the advisory guideline range applicable to Defendant's case is 33-41 months' imprisonment. ECF No. 43 at ¶ 173.

### IV.   SENTENCING FACTORS UNDER 18 U.S.C. § 3553(a)

In determining the appropriate sentence, this Court should consider the factors set forth in 18 U.S.C. § 3553(a). Based on these factors, including Gallaher's violent criminal history, the United States requests a sentence of 41 months' imprisonment, 3 years' supervised release, and a $100 special penalty assessment.

**A.   The nature and circumstances of the offense and the history and characteristics of the defendant**

The nature and circumstances of the offense, as described in the factual statement above coupled with Gallaher's criminal history spanning several decades, demonstrate that a sentence of 41 months is appropriate. Gallaher has several felony convictions, including four separate felonies in federal court. Notwithstanding his status as a felon, Gallaher again possessed multiple firearms in June 2021. He was bold and brazen in his possession – carrying the guns in broad daylight to his car in a parking lot that was surveilled by video.[2]

---

[2] Gallaher states to the PSIR writer that he had the firearms because of their sentimental value and did not intend to keep them. ECF No. 43 at ¶ 20. The United States has not been able to verify this claim, but it should make little difference for purposes of sentencing. Gallaher has a number of felony convictions, each one precluding him from having firearms. Yet, he had 4 firearms in October 2021. In addition, his claim appears to be inconsistent with his messages in his Facebook account about obtaining a firearm:

Although Defendant's criminal history score is relatively low, he not stranger to the criminal justice system, and his prior criminal convictions are concerning. These convictions range from firearms offenses, assault, and homicide to sexual abuse. These prior offenses include, but are not limited to, the following:

- Firearms/Deadly Weapon Violation – February 7, 1977;

- Simple Assault – April 10, 1977, for kicking and punching his victim and inflicting bodily harm;

- Second Degree Robbery – April 11, 1978, for taking money from his victim by threatening the use of force, violence, and fear of injury;

- First Degree Reckless Burning – May 2, 1978, for starting a fire in his jail cell;

- Second Degree Assault – January 17, 1985, for assaulting his victim outside a bar with an open folding knife and cutting his victim's face and hand;

---

Author James Gallaher (Facebook: 100049138112744)
Sent  2020-06-04 12:14:32 UTC
Body  I need a gun

Author Maddesyn Danielle (Facebook: 100001955054315)
Sent  2020-06-04 12:14:45 UTC
Body  Okay well what kind

Author James Gallaher (Facebook: 100049138112744)
Sent  2020-06-04 12:15:17 UTC
Body  Something ain't got alotta ppl having my back ya know

*See* Bates 30000007 at 3783. In July 2020, Gallaher sent additional messages about firearms:

Author James Gallaher (Facebook: 100049138112744)
Sent  2020-07-01 08:07:56 UTC
Body  Hey beautiful  know anyone with a deer gun yru

Author James Gallaher (Facebook: 100049138112744)
Sent  2020-07-01 11:52:03 UTC
Body  I had to sell gun I need to get my bag of close out of that fucking van

*Id.* at 3452, 3737.

- December 6, 1987 – May 16, 1988, for assaulting his victim at a bar and then damaging a police vehicle after arrest;

- Theft of Government Property – May 26, 1991, for stealing salmon from a National Fish Hatchery, which was working to restore salmon runs in the Columbia River for the Confederated Tribes of the Colville Reservation;

- Abusive Sexual Contact – July 6, 1992, for the offense described in greater detail in paragraph 82 of the PSIR;

- Felon in Possession of Ammunition – June 21, 1999, for possessing ammunition shortly after an altercation in which Gallaher violently assaulted his victims, causing a torn ear, broken nose, and unconsciousness; and

- Involuntary Manslaughter – April 28, 2009, for breaking his victim's neck, killing the victim, disposing the victim's body, and instructing others to never speak about the incident.

ECF No. 43, ¶¶ 41 – 103. As Gallaher acquired this lengthy history, he repeatedly violated his parole and supervised release.

To be sure, Gallaher's life has not been easy. As a child, he was a victim and witness to domestic abuse in the home. ECF No. 43 at ¶ 123. He has poor health and abuses drugs. These challenges, while tragic in their own right, do not excuse his decisions to repeatedly engage in criminal behavior. In their totality, the nature of this offense and Gallaher's characteristics necessitate a sentence at the high end of the guidelines range.

**B.    The need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment**

The offense is serious. It involved a Gallaher's apparent refusal to comport himself with the law, even though he has a conviction for similar conduct – unlawful possession of ammunition to go along with his other serious violent convictions. At the time of his possession, Gallaher was also abusing illegal narcotics, increasing the

UNITED STATES' SENTENCING MEMORANDUM– 5

Case 2:21-cr-00088-SMJ    ECF No. 45    filed 01/31/22    PageID.182    Page 6 of 7

risk that someone could have been hurt by Gallaher's possession of multiple firearms in Summer 2021. Gallaher's brazen and repeated possession of firearms underscores the great need for the sentence to reflect the seriousness of the offense and provide just punishment. That Gallaher has a number of violent convictions spanning several decades and dating back nearly fifty years further demonstrates a sentence toward the top of the guideline range is necessary.

**C.    The need for the sentence imposed to afford adequate deterrence to criminal conduct and protect the public**

A sentence at the high end of the guideline range is necessary to deter individuals who repeatedly commit violent offenses from possessing firearms. This is especially true for Gallaher, whose many convictions and the lengthy punishments imposed have not successfully deterred him from further criminal conduct.

**D.    The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct**

The best way to ensure consistent sentences for similarly situated defendants across courtrooms, districts, and the country is for courts to apply the Guidelines in the same manner everywhere. *See United States v. Saeteurn*, 504 F.3d 1175, 1181 (9th Cir. 2007); *United States v. Parker*, 462 F.3d 273, 277 (3d Cir. 2006); *United States v. Buscaino*, 437 F.3d 634, 638 (7th Cir. 2006). But diminishing sentencing disparities "depends . . . upon judicial efforts to determine, and to base punishment upon, the *real conduct* that underlies the crime of conviction." *United States v. Booker*, 543 U.S. 220, 250 (2005). "That determination is particularly important in the federal system where [some] crimes . . . can encompass a vast range of very different kinds of underlying conduct." *Id.* at 250–51.

Based on the facts of this case and the seriousness of Defendant's conduct, a high-guidelines sentence of 41 months' incarceration is appropriate and avoids sentencing disparities. It bears repeating that Gallaher has convictions for

UNITED STATES' SENTENCING MEMORANDUM– 6

manslaughter, sexual assault, physical assault, robbery, and firearms offenses. While several of these convictions are quite old, Gallaher's offense and record warrant a sentence on the higher end of the guidelines to avoid disparities with other defendants with convictions for similar offenses.

## V.     SENTENCING RECOMMENDATION

The United States recommends the Court sentence James H. Gallaher to 41 months' imprisonment, to be followed by 3 years' supervised release. Such a sentence adequately captures the nature and severity of Defendant's offense conduct, as well as his criminal history and acceptance of responsibility.

DATED this 31st day of January 2022.

Respectfully submitted,

Vanessa R. Waldref
United States Attorney

*s/ Richard R. Barker*
Richard R. Barker
Assistant United States Attorney

I hereby certify that on January 31, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which will send notification of such filing counsel of record.

*s/ Richard R. Barker*
Richard R. Barker
Assistant United States Attorney